UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., <br><br> Petitioners, <br> v. <br><br> BERNADETTE LAUBLY, <br><br> Respondent. | 1:07-cv-1274-OWW-SMS <br><br> FINDINGS AND RECOMMENDATION RE: PETITION TO ENFORCE IRS SUMMONS (DOC. 1) |

Petitioners are proceeding with a civil action in this Court. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302(c)(9) and 72-303. Pending before the Court is a petition to enforce a summons issued by the Internal Revenue Service (IRS).

On September 4, 2007, Petitioners United States of America and revenue officer Danny Gathright filed a petition to enforce an IRS summons. Pursuant to Petitioners' request, on September 21, 2007, the Court issued an order to show cause (OSC) to Respondent to appear and respond by November 2, 2007, to the petition, which according to the proof of service was served along with the petition and associated documents on Respondent on September 23, 2007. Further, in a stipulation filed on November

1

1, 2007, Respondent admitted that she was served with the order to show cause.

On October 29, 2007, and November 23, 2007, the government filed replies.

On or about October 15, 2007, Respondent wrote a letter (Doc. 6) to the United States Attorney and the Court in which she stated that she had received the paperwork late and was unable to comply; by stipulation the hearing on the order to show cause was continued to November 30, 2007. The proof of service reveals that the stipulation and order were served on Respondent by mail on October 23, 2007. Respondent filed a response to the petition on November 27, 2007; however, the order continuing the order to show cause had set November 15, 2007, as the date for the filing of any opposition by Respondent.

On November 30, 2007, the order to show cause came on for hearing at 9:41 a.m. in Courtroom 7 before the Honorable Sandra M. Snyder, United States Magistrate Judge. Stephanie Borchers and IRS agent Danny Gathright appeared on behalf of Petitioners; Respondent appeared on behalf of herself, and she was accompanied by her husband. After argument the matter was submitted to the Court. The Court discharged the order to show cause.

I. <u>Petition to Enforce IRS Summons</u>

To defeat a motion to quash, or to enforce an IRS summons, the government has the initial burden of proving that the summons: (1) is issued for a legitimate purpose; (2) seeks information relevant to the purpose; (3) seeks information not already within the IRS's possession; and (4) satisfies all of the administrative steps required by the Internal Revenue Code.

1 United States v. Powell, 379 U.S. 48, 57-58 (1964). The
2 government's burden is a slight one that may be satisfied by a
3 declaration from the investigating agent that these requirements
4 have been met. United States v. Abrahams, 905 F.2d 1276, 1280
5 (9th Cir.1990); Liberty Financial Servs. v. United States, 778
6 F.2d 1390, 1392 (9th Cir.1985). Once the prima facie case is
7 made, a heavy burden falls upon the taxpayer to show an abuse of
8 process, Abrahams, 905 F.2d at 1280; Liberty Financial, 778 F.2d
9 at 1392, or the lack of institutional good faith, Anaya, 815 F.2d
10 at 1377. United States v. Dynavac, Inc., 6 F.3d 1407, 1414 (9th
11 Cir. 1993).

12       Here, agent Gathright declared that as a duly commissioned
13 revenue officer employed by the IRS, he was authorized to issue
14 the IRS summons pursuant to 26 U.S.C. § 7602; he did so in the
15 course of conducting an investigation to investigate the tax
16 liabilities of Respondent, doing business as (dba) Sundance Real
17 Estate, for the tax years 2002 through 2005. Gathright declared
18 that the IRS believed that Respondent could provide testimony
19 relevant to the investigation that was not already in the
20 government's possession; Respondent failed to comply with the
21 summons; all administrative steps required by the IRS had been
22 undertaken; and no criminal referral to the Department of Justice
23 was in effect with respect to Respondent's tax liability for the
24 subject years.

25       Petitioners have thus established that the subpoena was
26 issued for a legitimate purpose and seeks information relevant to
27 the purpose that is not already within the IRS's possession;
28 further, it is demonstrated that all of the administrative steps

1 required by the Internal Revenue Code have been satisfied. A
2 prima facie case has been made. United States v. Dynavac, Inc., 6
3 F.3d 1407, 1414 (9th Cir. 1993).
4     Respondent has not submitted any evidence of bad faith or
5 improper purpose.
6     Although Respondent filed a response to the summons, the
7 response was late. Respondent did not offer any explanation or
8 justification for the late response. Pursuant to Local Rule 78-
9 230(c), Respondent was not entitled to be heard in opposition to
10 the petition; nevertheless, the Court gave Respondent an
11 opportunity to address the Court at the hearing.
12     Respondent stated that there could be no enforcement of the
13 summons unless the Court orders it. The Court informed Respondent
14 that the Court would now be issuing the order.
15     Respondent argued in her response that she had not broken
16 any law. The Court notes that such information is consistent with
17 the agent's averment that no criminal referral had been made.
18 Further, it is not required that the taxpayer fail to cooperate
19 with the IRS auditors before there is authority to issue a
20 summons. United States v. Derr, 968 F.2d 943, (9th Cir. 1992).
21     Respondent argued that the Court had no jurisdiction over
22 her body or person. However, in her letter dated October 15, 2007
23 (Doc. 6), Respondent indicated an address of 2929 Stanford
24 Avenue, Clovis, California. The district courts have jurisdiction
25 to order compliance with a summons issued by the IRS to
26 investigate a taxpayer's federal income tax liability. 26 U.S.C.
27 §§ 7602, 7402(b), 7604(a); Church of Scientology of California v.
28 United States, 506 U.S. 9, 12 n. 4 (1992); United States v. Derr,

4

968 F.2d 943, 945 (9th Cir. 1992). Section 7604(a) expressly provides that the district court of the district in which the person resides or is found shall have jurisdiction by appropriate process to compel attendance, testimony, or production in response to an internal revenue service subpoena.

    Accordingly, the Court finds that Respondent resides within the district. The Court has jurisdiction to enforce the summons. Further, considering the acknowledgment of service, the Respondent received sufficient notice. Therefore, the Court will require no further demonstration of jurisdiction.

    Although Respondent raised her Fourth and Fifth Amendment rights with respect to the examination that agent Gathright will conduct. However, that concern is premature, and the Court does not find that any ripe Fourth or Fifth Amendment issue is before the Court.

    Plaintiff asserted that the agent sent her a document simulating a summons in violation of a statute that is not clearly identified. (Response p. 2.) However, the Court finds no evidence that the summons that was served was not authentic, or that it was unauthorized.

    Accordingly, the Court finds that enforcement of the IRS summons should be ordered.

    VII. <u>Recommendation</u>

    Accordingly, it IS RECOMMENDED that

    1) Petitioners' petition to enforce the IRS summons BE GRANTED; and

    3) Respondent BE ORDERED to appear in obedience to the summons on February 21, 2008, at 10:00 a.m. at the IRS office at

1  5104 North Blythe Avenue, Fresno, California.
2  IT IS SO ORDERED.
3  **Dated:      December 5, 2007**                    **/s/ Sandra M. Snyder**
                                                   UNITED STATES MAGISTRATE JUDGE