UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., <br><br>　　　　　　Petitioners,<br>　　v.<br>BERNADETTE LAUBLY,<br><br>　　　　　　Respondent. | 1:07-cv-1274-OWW-SMS<br><br>AMENDED FINDINGS AND RECOMMENDATION RE: PETITION TO ENFORCE IRS SUMMONS (DOC. 1) |

　　Petitioners are proceeding with a civil action in this Court. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302(c)(9) and 72-303. Pending before the Court is a petition to enforce a summons issued by the Internal Revenue Service (IRS), pursuant to which the Court issues these amended findings and recommendations.[1]

　　On September 4, 2007, Petitioners United States of America and revenue officer Danny Gathright filed a petition to enforce

---

[1] Due to clerical error, the original findings and recommendations filed on December 6, 2007, omitted specification of the period for filing objections. These amended findings and recommendations are thus filed to correct that error and differ from the original only in the addition of the instructions concerning objections at the end of file document.

1

1 an IRS summons. Pursuant to Petitioners' request, on September
2 21, 2007, the Court issued an order to show cause (OSC) to
3 Respondent to appear and respond by November 2, 2007, to the
4 petition, which according to the proof of service was served
5 along with the petition and associated documents on Respondent on
6 September 23, 2007. Further, in a stipulation filed on November
7 1, 2007, Respondent admitted that she was served with the order
8 to show cause.
9      On October 29, 2007, and November 23, 2007, the government
10 filed replies.
11      On or about October 15, 2007, Respondent wrote a letter
12 (Doc. 6) to the United States Attorney and the Court in which she
13 stated that she had received the paperwork late and was unable to
14 comply; by stipulation the hearing on the order to show cause was
15 continued to November 30, 2007. The proof of service reveals that
16 the stipulation and order were served on Respondent by mail on
17 October 23, 2007. Respondent filed a response to the petition on
18 November 27, 2007; however, the order continuing the order to
19 show cause had set November 15, 2007, as the date for the filing
20 of any opposition by Respondent.
21      On November 30, 2007, the order to show cause came on for
22 hearing at 9:41 a.m. in Courtroom 7 before the Honorable Sandra
23 M. Snyder, United States Magistrate Judge. Stephanie Borchers and
24 IRS agent Danny Gathright appeared on behalf of Petitioners;
25 Respondent appeared on behalf of herself, and she was accompanied
26 by her husband. After argument the matter was submitted to the
27 Court. The Court discharged the order to show cause.
28 ////

I. <u>Petition to Enforce IRS Summons</u>

To defeat a motion to quash, or to enforce an IRS summons, the government has the initial burden of proving that the summons: (1) is issued for a legitimate purpose; (2) seeks information relevant to the purpose; (3) seeks information not already within the IRS's possession; and (4) satisfies all of the administrative steps required by the Internal Revenue Code. <u>United States v. Powell</u>, 379 U.S. 48, 57-58 (1964). The government's burden is a slight one that may be satisfied by a declaration from the investigating agent that these requirements have been met. <u>United States v. Abrahams</u>, 905 F.2d 1276, 1280 (9th Cir.1990); <u>Liberty Financial Servs. v. United States</u>, 778 F.2d 1390, 1392 (9th Cir.1985). Once the prima facie case is made, a heavy burden falls upon the taxpayer to show an abuse of process, <u>Abrahams</u>, 905 F.2d at 1280; <u>Liberty Financial</u>, 778 F.2d at 1392, or the lack of institutional good faith, <u>Anaya</u>, 815 F.2d at 1377. <u>United States v. Dynavac, Inc.</u>, 6 F.3d 1407, 1414 (9th Cir. 1993).

Here, agent Gathright declared that as a duly commissioned revenue officer employed by the IRS, he was authorized to issue the IRS summons pursuant to 26 U.S.C. § 7602; he did so in the course of conducting an investigation to investigate the tax liabilities of Respondent, doing business as (dba) Sundance Real Estate, for the tax years 2002 through 2005. Gathright declared that the IRS believed that Respondent could provide testimony relevant to the investigation that was not already in the government's possession; Respondent failed to comply with the summons; all administrative steps required by the IRS had been

undertaken; and no criminal referral to the Department of Justice was in effect with respect to Respondent's tax liability for the subject years.

Petitioners have thus established that the subpoena was issued for a legitimate purpose and seeks information relevant to the purpose that is not already within the IRS's possession; further, it is demonstrated that all of the administrative steps required by the Internal Revenue Code have been satisfied. A prima facie case has been made. United States v. Dynavac, Inc., 6 F.3d 1407, 1414 (9th Cir. 1993).

Respondent has not submitted any evidence of bad faith or improper purpose.

Although Respondent filed a response to the summons, the response was late. Respondent did not offer any explanation or justification for the late response. Pursuant to Local Rule 78-230(c), Respondent was not entitled to be heard in opposition to the petition; nevertheless, the Court gave Respondent an opportunity to address the Court at the hearing.

Respondent stated that there could be no enforcement of the summons unless the Court orders it. The Court informed Respondent that the Court would now be issuing the order.

Respondent argued in her response that she had not broken any law. The Court notes that such information is consistent with the agent's averment that no criminal referral had been made. Further, it is not required that the taxpayer fail to cooperate with the IRS auditors before there is authority to issue a summons. United States v. Derr, 968 F.2d 943, (9th Cir. 1992).

Respondent argued that the Court had no jurisdiction over

4

her body or person. However, in her letter dated October 15, 2007 (Doc. 6), Respondent indicated an address of 2929 Stanford Avenue, Clovis, California. The district courts have jurisdiction to order compliance with a summons issued by the IRS to investigate a taxpayer's federal income tax liability. 26 U.S.C. §§ 7602, 7402(b), 7604(a); Church of Scientology of California v. United States, 506 U.S. 9, 12 n. 4 (1992); United States v. Derr, 968 F.2d 943, 945 (9th Cir. 1992). Section 7604(a) expressly provides that the district court of the district in which the person resides or is found shall have jurisdiction by appropriate process to compel attendance, testimony, or production in response to an internal revenue service subpoena.

Accordingly, the Court finds that Respondent resides within the district. The Court has jurisdiction to enforce the summons. Further, considering the acknowledgment of service, the Respondent received sufficient notice. Therefore, the Court will require no further demonstration of jurisdiction.

Although Respondent raised her Fourth and Fifth Amendment rights with respect to the examination that agent Gathright will conduct. However, that concern is premature, and the Court does not find that any ripe Fourth or Fifth Amendment issue is before the Court.

Plaintiff asserted that the agent sent her a document simulating a summons in violation of a statute that is not clearly identified. (Response p. 2.) However, the Court finds no evidence that the summons that was served was not authentic, or that it was unauthorized.

Accordingly, the Court finds that enforcement of the IRS

5

1  summons should be ordered.

2      VII. <u>Recommendation</u>

3      Accordingly, it IS RECOMMENDED that

4      1) Petitioners' petition to enforce the IRS summons BE
5  GRANTED; and

6      3) Respondent BE ORDERED to appear in obedience to the
7  summons on February 21, 2008, at 10:00 a.m. at the IRS office at
8  5104 North Blythe Avenue, Fresno, California.

9      This report and recommendation is submitted to the United
10 States District Court Judge assigned to the case, pursuant to the
11 provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the
12 Local Rules of Practice for the United States District Court,
13 Eastern District of California. Within thirty (30) days after
14 being served with a copy, any party may file written objections
15 with the Court and serve a copy on all parties. Such a document
16 should be captioned "Objections to Magistrate Judge's Findings
17 and Recommendations." Replies to the objections shall be served
18 and filed within ten (10) <u>court</u> days (plus three days if served
19 by mail) after service of the objections. The Court will then
20 review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636
21 (b)(1)(C). The parties are advised that failure to file
22 objections within the specified time may waive the right to
23 appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d
24 1153 (9th Cir. 1991).

**IT IS SO ORDERED.**

**Dated:   December 7, 2007**             **/s/ Sandra M. Snyder**
                                          **UNITED STATES MAGISTRATE JUDGE**